IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TANYA BOGO** | : CIVIL ACTION |
| | : |
| | : |
| v. | : NO. 24-4685 |
| | : |
| **ZATOR LAW, LLC** | : |

**MEMORANDUM OPINION**

Henry, J.  s/CH                                                                                                  April 15, 2025

Plaintiff filed a Complaint in this matter seeking damages for Defendant's alleged violations of the Americans with Disabilities Act ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), the Fair Labor Standards Act ("FLSA") and the Pennsylvania Wage Payment and Collection Law ("WPCL"). Specifically, Plaintiff alleges disability discrimination under the ADA and PHRA, retaliation under the ADA and PHRA, and violations of the FLSA and WPCL. For the reasons that follow, I find that Plaintiff's Complaint fails to plead the requisite factual specificity for any of her claims. Accordingly, I will grant Defendant's Motion to Dismiss, and allow Plaintiff an opportunity to amend her complaint with more specific factual allegations.

**I.    FACTS**

Bogo alleges that she was hired by Defendant in March of 2022 as a paralegal. Docket No. 1 at ¶ 7. She had been diagnosed with a panic disorder and claims that Defendant was aware of her disability as early as April of 2023 "when Plaintiff utilized her Paid Time Off (PTO) to manage her condition." *Id.* at ¶ 8-9. Plaintiff asserts that on April 17, 2023, she required a medical leave of absence for outpatient treatment of her panic disorder which Defendant approved, and on April 27, 2023, she emailed a representative of Defendant formally requesting a brief leave of absence and providing details of her medical treatment, expecting to return to

work on May 15, 2023. Docket No. 1 at ¶ 10-11. Plaintiff claims that Defendant failed to engage in the interactive process required by law to determine a reasonable accommodation for her, and that on May 17, 2023, she requested an accommodation in the form of working remotely, which was denied. *Id*. at ¶ 12-13. Plaintiff's employment was terminated by Defendant on May 23, 2023.

II.     **ANALYSIS**

Motions to dismiss are governed by Federal Rule of Civil Procedure 12(b)(6).  If a plaintiff fails to state a claim upon which relief can be granted, the court may dismiss the action. Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Id.* at 678-79.  A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678).

A.      **Discrimination Claims Under the ADA and the PHRA**

"There are two distinct types of claims under the ADA—disparate treatment (disability discrimination) claims and failure to accommodate claims." *Taylor v. Phoenixville Sch. Dist.*, 113 F.Supp.2d 770, 776 n.3 (E.D. Pa. 2000). I will analyze each type of discrimination claim alleged by Plaintiff below.

1.     **Disparate Treatment**

Plaintiff brings disability discrimination claims under the ADA and PHRA. First, to state a *prima facie* case for disparate treatment under the ADA and PHRA, Plaintiff must allege that: (1) she is a disabled person within the meaning of the ADA, (2) she is otherwise qualified to perform the essential functions of her job, with or without reasonable accommodations, and (3) she has suffered an otherwise adverse employment action because of discrimination. *Shaner v. Synthes,* 204 F.3d 494, 500 (3d Cir. 2000). A review of Plaintiff's Complaint shows that it lacks the requisite specificity as to all three elements of this test.

First, regarding the necessary allegation that she is disabled, Plaintiff's Complaint merely states that she has been diagnosed with panic disorder. Docket No. at ¶ 8. That is insufficient, as to be considered disabled under the ADA she must have a "physical or mental impairment that substantially limits one or more major life activities." *Bialko v. Quaker Oats Co.*, 434 Fed. App'x 139, 142 (3d Cir. 2011). Plaintiff's Complaint in this matter lacks sufficient detail regarding how her panic disorder impairs her major life activities, what activities are impacted by her alleged disability or what her symptoms or limitations are. In her Amended Complaint, Plaintiff must include this information to meet the *prima facie* test.

Second, Plaintiff must show that she is a qualified individual who can perform the essential functions of her job with or without accommodation. The Complaint alleges that she was a paralegal for Defendant but contains no information about her job duties or responsibilities in that role. In her Amended Complaint, Plaintiff must allege facts that show the requirements of the position that she held with Defendant, her ability to perform those requirements, how her panic disorder affected her ability to perform the requirements of her job and how her requested accommodation of remote work would affect her ability to perform her job.

Under the last part of the *prima facie* test, Plaintiff must set forth evidence of causation, meaning she must describe evidence that creates an inference that a link exists between her panic disorder and her termination. This can be done through temporal proximity, meaning she was terminated close enough in time to her request for an accommodation that it is "unusually suggestive" of retaliatory motive. *Capps v. Mondelez Glob, LLC*, 147 F.Supp.3d 327, 337 (E.D. Pa. 2015), *aff'd*, 847 F.3d 144 (3d Cir. 2017). In the instant matter, Plaintiff began her medical leave on April 17, 2023, and was terminated on May 23, 2023, 36 days later. Courts have typically found this length of time to be insufficient to establish causation; therefore, Plaintiff's Complaint pleads an insufficient temporal proximity to support an inference of a discriminatory motive. See *Capps*, 147 F.Supp.3d at 337 (stating that "[o]ur sister courts have held that a temporal proximity of as little as seventeen days was insufficient to establish causation.") Accordingly, Plaintiff's Complaint fails to allege unusually suggestive timing to support an inference of causation between her medical leave and her termination.

However, in cases where there is not an unusually suggestive temporal proximity, I may examine "timing plus other evidence. . ." *Hollingsworth v. R. Home Prop. Mgmt., LLC,* 498 F.Supp.3d 590, 603 (E.D. Pa. 2020). In Plaintiff's Complaint, she alleges Defendant's actions were discriminatory and cites as evidence of such "statements made by Defendant's employees, including dismissive remarks about mental health conditions as merely part of the 'woke movement.'" Docket No. 1 at ¶ 15.  This allegation is insufficient to support a causal link between her medical leave and her termination. In Plaintiff's Amended Complaint, she must set forth additional evidence of discrimination if she wants to meet the causation prong of the *prima facie* test for disability discrimination.

2.	**Failure to Accommodate Claims**

To support a claim for a failure to accommodate under the ADA, a plaintiff must establish: 1) she was disabled, and her employer knew it; 2) she requested an accommodation; 3) her employer did not make a good faith effort to assist; and 4) she could have been reasonably accommodated. *Capps*, 847 F.3d at 157. As discussed above, Plaintiff's Complaint failed to set forth adequate facts to show that she was disabled within the meaning of the ADA or to show that she could perform the essential functions of her job, with or without accommodations. As with her disparate treatment claim, if Plaintiff wants to succeed on her failure to accommodate claim, she must plead more specificity as to those points.

Further, the law requires Plaintiff to demonstrate that she requested an accommodation from Defendant and Defendant did not make a good faith effort to assist her. Plaintiff's Complaint is deficient in this area as well, as it merely states that on May 17, 2023, she requested the accommodation of working remotely upon her return from medical leave, which was denied. Docket No. 1 at ¶ 13. That is the extent of Plaintiff's allegations regarding her requested accommodation. In her Amended Complaint, Plaintiff must provide specific information regarding to whom she made this request, how it was made, and how this accommodation of remote work would assist with her alleged disability. She also should provide sufficient detail regarding the other employees of Defendant who she alleges were permitted to work from home.

Lastly, Plaintiff is required to show that Defendant could have easily accommodated her. Plaintiff's Complaint contains no information to assist me with this analysis because it provides no detail regarding her panic disorder or her job duties with Defendant. In her Amended Complaint, Plaintiff must plead sufficient facts to allow me to determine how easily Defendant could have accommodated her request.

### B.     Retaliation Claims Under the ADA and PHRA

To establish a *prima facie* case of retaliation, Plaintiff must allege: (1) that she engaged in protected activity; (2) Defendant subjected her to an adverse employment action either after or contemporaneous with the protected activity; and (3) a causal connection between the protected activity and the adverse action. *Sampson v. Methacton Sch. Dist.*, 88 F.Supp.3d 422, 444 (E.D. Pa. 2015.) To plausibly allege the existence of a causal link between an employment action and a plaintiff's protected activity, the complaint must allege "either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing . . . ." *Lauren W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007) (citing *Krouse* at 503–04). The third prong of the test for retaliation is virtually identical to the causation test for disability discrimination.

As discussed above regarding causation for her disability discrimination claims, Plaintiff's Complaint has failed to plead sufficient facts to support an inference of retaliation, as she has set forth no allegations of unusually suggestive timing between her termination and her protected activity (her request for medical leave in April of 2023). Nor has she pled sufficient allegations of ongoing antagonism coupled with timing. Plaintiff's Amended Complaint must set forth additional information about ongoing antagonism directed to her by Defendant to establish causation in her retaliation claim. The stray remarks from co-workers discussed above are insufficient to meet the standard for retaliation.

### C.     FLSA Claims

To prove an FLSA claim for unpaid overtime, "a plaintiff must sufficiently allege [forty] hours of work in a given workweek, as well as some uncompensated time in excess of the [forty] hours. *Ford-Greene v. NHS, Inc.*, 106 F.Supp.3d 590, 610 (E.D. Pa. 2015). In this matter,

Plaintiff's Complaint fails to set forth any specific facts as to an instance or given week when she worked more than forty hours in a work week and was not paid overtime, nor does she provide an approximation of the hours for which she was not paid. In Plaintiff's Amended Complaint, she must do so if she wants to proceed on her FLSA claim.

  **D.**  **WPCL Claims**

Plaintiff alleges that Defendant "improperly docked wages from Plaintiff's paychecks for breaks taken, despite such breaks being in accordance with company policy and state law." Docket No. 1 at ¶ 19. In order to recover under the WPCL, an employee "must aver a contractual entitlement 'to compensation from wages' and a failure to pay that compensation." *Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 954 (Pa. Super. Ct. 2011) (citing *Sullivan v. Chartwell Inv. Partners, LP,* 873 A.2d 710, 716 (Pa. Super. Ct. 2005). I find that Plaintiff's allegation that she was entitled to paid breaks pursuant to company policy to be sufficient at this stage of the pleadings to set forth an alleged contractual right to paid breaks that the law requires for a WPCL claim. Accordingly, Defendant's motion is denied as to this claim.

**III.**  <u>**CONCLUSION**</u>

For the reasons discussed more fully above, Defendant's motion is granted in part and denied in part. Plaintiff shall file an Amended Complaint setting forth sufficient factual detail to support her claims for disability discrimination, retaliation and FLSA violations within twenty days.[1]

---

[1] Defendant's Motion also asks to strike Plaintiff's demand for liquidated damages pursuant to the Family and Medical Leave Act ("FMLA") that is contained in the Wherefore clause of the Complaint. As Plaintiff's Complaint does not include an FMLA claim, I assume the inclusion of FMLA damages in her request for relief is an error, and I will order said request stricken from Plaintiff's Complaint.