UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TANYA BOGO | : |
| | : JURY DEMANDED |
| Plaintiff, | : |
| | : |
| v. | : |
| | : No.   24-04685-CH |
| ZATOR LAW, LLC | : |
| | : |
| Defendant | : |

**FIRST AMENDED COMPLAINT**

Plaintiff, Tanya Bogo, by and through her undersigned attorneys, for her complaint against Defendant Zator Law, LLC., hereby alleges as follows:

I. **INTRODUCTION**

1. Plaintiff, Tanya Bogo ("Plaintiff") brings this action against her former employer, Zator Law, LLC. ("Defendant"), for violations of the Americans with Disabilities Act of 1990, as amended (ADA), the Pennsylvania Human Relations Act (PHRA), the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., and Violation of Pennsylvania Wage Payment and Collection Law.

II. **PARTIES**

2. Plaintiff, Tanya Bogo, is an adult individual residing at 260 Stagecoach Rd, Northampton, PA 18067, in the EDPA. At all relevant times, Plaintiff was

employed by the Defendant and is a qualified individual with a disability under the ADA and the PHRA.

3. Defendant, Zator Law LLC, is a law firm with its principal place of business at 4400 Walbert Ave, Allentown, PA 18104, in the EDPA. At all relevant times, Defendant employed approximately 16-17 individuals and is an employer within the meaning of the ADA, ADEA, and PHRA.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, as this action involves federal questions under the ADA and ADEA.

5. Supplemental jurisdiction over the state law claim under the PHRA is invoked pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred within the Eastern District of Pennsylvania, and the Defendant's principal place of business is in this District.

### IV. FACTUAL ALLEGATIONS

7. Plaintiff was hired by Joe Zator and Maria Zator of Zator Law, LLC in March of 2022, serving as a paralegal and earning approximately $50,000 per year.

8. Plaintiff was diagnosed around five years prior to her employment with Zator Law, LLC with a panic disorder, a mental health condition that substantially limits one or more major life activities, including her ability to work. This condition qualifies as a disability under the ADA and PHRA.

9. Zator Law, LLC was aware of Plaintiff's disability as early as April of 2023 when Plaintiff utilized her Paid Time Off (PTO) to manage her condition.

10. On April 17, 2023, Plaintiff required a medical leave of absence as recommended by her physician for outpatient treatment of her panic disorder. Plaintiff informed Defendant that she needed approximately 30 days of leave, beginning on April 17, 2023, which Defendant approved, albeit unpaid.

11. On April 27, 2023, Plaintiff emailed Maria Zator, a representative of the Defendant, formally requesting a brief leave of absence and providing details of her medical treatment, expecting to return to work on May 15, 2023. Plaintiff expressed concern about the hostility she faced upon her return from previous medical leave and emphasized the sensitivity of her medical circumstances.

12. Despite Plaintiff's formal request and her doctor's recommendation, Defendant failed to engage in the interactive process required by the ADA and PHRA to determine a reasonable accommodation for Plaintiff.

13. On May 17, 2023, Plaintiff requested accommodation in writing to the managing partners of the law firm, Maria and Joe Zator, such as working remotely upon her return, as her doctor advised.

14. The purpose for this remote work accommodation was to alleviate stress caused by her panic disorder.

15. Other employees of Defendant were already permitted to work remotely, including paralegals, such as April Wilk, but Plaintiff's request was denied without reasonable consideration.

16. Plaintiff's job duties as a paralegal included preparing pleadings, motions and submissions in opposition to motions, deposition summaries and also performed

legal research.

17. Ms. Bogo routinely performed these from home.

18. On May 23, 2023, Defendant terminated Plaintiff's employment, citing an inability to negotiate her accommodation request. Defendant suggested that Plaintiff could apply for unemployment compensation, indicating a "good faith resolution" of her employment separation.

19. Defendant's actions were discriminatory and retaliatory, as evidenced by statements made by Defendant's employees, including dismissive remarks about mental health conditions as merely part of the "woke movement."

20. During the course of employment, Plaintiff regularly worked over 40 hours per week.

21. Defendant failed to compensate Plaintiff for hours worked in excess of 40 per week at the rate of time and one-half, in violation of the FLSA.

22. Defendant had a policy of not paying for overtime hours worked and required Plaintiff to perform work-related tasks without compensation.

23. Additionally, Defendant improperly docked wages from Plaintiff's paychecks for breaks taken, despite such breaks being in accordance with company policy and state law.

24. Defendant's actions constitute willful violations of the FLSA and Pennsylvania wage and hour laws.

25. Plaintiff has been unemployed since her termination on May 23, 2023, and has suffered economic loss, emotional distress, and reputational harm.

## V. CAUSES OF ACTION

### COUNT I:

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

26. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

27. Plaintiff was a qualified individual with a disability under the ADA.

28. Defendant failed to provide reasonable accommodations to Plaintiff despite being aware of her disability, in violation of the ADA.

29. Defendant unlawfully terminated Plaintiff's employment because of her disability and her request for reasonable accommodations.

30. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including lost wages, benefits, and emotional distress.

## COUNT II:

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT (PHRA)

31. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

32. Defendant discriminated against Plaintiff on the basis of her disability in violation of the PHRA.

33. Defendant failed to engage in the interactive process and refused to provide reasonable accommodations for Plaintiff's disability.

34. Defendant's discriminatory actions have caused Plaintiff to suffer damages, including but not limited to economic loss and emotional pain and suffering.

## COUNT III:

## RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

35. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

36. Plaintiff was a qualified individual with a disability under the ADA.

37. Defendant failed to provide reasonable accommodations to Plaintiff despite being

aware of her disability, in retaliation and in violation of the ADA.

38. Shortly after the Plaintiff requested reasonable accommodations, the Defendant unlawfully terminated Plaintiff's employment.

39. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including lost wages, benefits, and emotional distress.

## COUNT IV:

## RETALIATION IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT (PHRA)

40. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

41. Defendant retaliated against Plaintiff on the basis of her request for accommodations for her disability in violation of the PHRA.

42. Defendant failed to engage in the interactive process and refused to provide reasonable accommodations for Plaintiff's disability.

43. Shortly after the Plaintiff complained about her request for reasonable accommodations, the Defendant unlawfully terminated Plaintiff's employment.

44. Defendant's retaliatory actions have caused Plaintiff to suffer damages, including but not limited to economic loss and emotional pain and suffering.

## COUNT V
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (FLSA), 29 U.S.C. § 201 ET SEQ.,

45. Plaintiff incorporates by reference the allegations contained in paragraphs 1 to 40 as if fully set forth herein.

46. Defendant's failure to pay Plaintiff overtime wages as required by the FLSA constitutes a violation of 29 U.S.C. § 207.

47. As a result of Defendant's unlawful actions, Plaintiff has suffered damages, including lost wages, and is entitled to recover unpaid overtime compensation, liquidated damages, and attorneys' fees.

### COUNT VI
### VIOLATION OF PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

48. Plaintiff incorporates by reference the allegations contained in paragraphs 1 to 43 as if fully set forth herein.

49. Defendant's practice of docking Plaintiff's pay for breaks taken is a violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 et seq.

50. Defendant's unlawful actions have caused Plaintiff to suffer damages, including unpaid wages and loss of future wages.

### V.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tanya Bogo respectfully requests that this Court enter judgment in her favor and against Defendant Zator Law, LLC., and award her the following relief:

   a) Back pay, front pay, and lost benefits;
   b) Compensatory damages for emotional distress and suffering;
   c) Liquidated damages pursuant to the FLSA;
   d) Pre-judgment and post-judgment interest;
   e) Attorneys' fees and costs of suit; and
   f) Such other and further relief as the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: ____s/Graham F. Baird_____
**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102

Attorney for Plaintiff, Tanya Bogo

Date: May 5, 2025

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TANYA BOGO | : |
| | : |
| | :  JURY DEMANDED |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | :  No.   24-04685-CH |
| ZATOR LAW, LLC | : |
| | : |
| | : |
| Defendant | : |
| | : |

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2025, a true and correct copy of the foregoing *Plaintiff's First Amended Complaint* was served, via ECF, upon the following counsel for Defendant:

    **STEVEN E. HOFFMAN**
    Hoffman & Hlavac
    1605 North Cedar Crest Blvd.
    Suite 509
    Allentown, PA 18104
    484-408-6001
    Fax: 610-408-6018
    Email: shoffman@hhe-law.com

*Respectfully submitted,*

**LAW OFFICES OF ERIC A. SHORE, P.C.**
BY:____/s/Graham F. Baird_____
**GRAHAM F. BAIRD, ESQUIRE**
Attorneys for Plaintiff, Tanya Bogo