IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TANYA BOGO** | : CIVIL ACTION |
| | : |
| | : |
| **v.** | : NO. 24-4685 |
| | : |
| **ZATOR LAW, LLC** | : |

## ORDER

**AND NOW**, this 10th day of July 2025, upon consideration of the Motion to Proceed Under a Pseudonym filed by Plaintiff (Docket No. 9), as well as Defendant's opposition thereto, it is hereby **ORDERED** that the Motion to Proceed Under a Pseudonym is **DENIED**.[1]

---

[1] Plaintiff filed the instant action on September 6, 2024, by filing a Complaint in which she used her given name. Plaintiff did not request to proceed by a pseudonym in this matter until March 24, 2025, when she filed the instant motion. Plaintiff argues that she needs to proceed via pseudonym because she fears "further professional harm, reputational damage, and exclusion from employment opportunities if her identity is publicly disclosed." (Docket No. 9, p. 2.)

The Federal Rules of Civil Procedure require parties to a lawsuit to identify themselves in the pleadings. Fed.R.Civ.P. 10(a). This is because "the people have a right to know who is using their courts" and "defendants have a right to confront their accusers." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citations omitted). However, in exceptional cases, courts have allowed a party to proceed anonymously. See, e.g., *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n. 2 (3d Cir. 2008). It is not enough for a plaintiff to allege that she may suffer embarrassment or economic harm. *Megless*, 654 F.3d at 408. Rather, a plaintiff must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Id.*, quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir.2010). Courts then apply a balancing test to determine if the plaintiff's reasonable fear of severe harm outweighs the public's interest in open litigation. *Doe v. Triangle Doughnuts, LLC*, 2020 WL 3425150, at *3 (E.D. Pa. June 23, 2020), citing *Megless* at 409.

Factors examined as part of the balancing test which favor anonymity include the extent to which the identity of the litigant has been kept confidential, the bases upon which disclosure is feared or sought to be avoided and the substantiality of said bases, the level of public interest in maintaining the plaintiff's anonymity, if the issues focus on a purely legal nature in a manner which makes the public interest atypically weak, if there is a deterrent effect that would cause plaintiffs to not pursue the case at the price of being publicly identified, and consideration of any ulterior motives. *Doe v. Provident Life and Accident Insurance Co.*, 176 F.R.D. 464, 467-68 (E.D. Pa. 1997). Further, there are three factors that disfavor anonymity: the universal level of public interest in identifying litigants; whether, due to the subject matter of the litigation, the status of the litigant as a public figure or for some other reason, there is an additional public interest beyond what exists in all cases in knowing the litigant's identities; and whether the opposition to the use of a pseudonym has an illegitimate motive. *Id.,* 176 F.R.D. at 467-68.

BY THE COURT:

/s/ Catherine Henry
_____
**CATHERINE HENRY, J.**

---

In the instant matter, Plaintiff has failed to establish a reasonable fear of severe harm. First, courts have rejected anonymity if a plaintiff only suffers embarrassment or economic harm. *Triangle Doughnuts*, 2020 WL 3425150, at *4, citing *Megless*, 654 F.3d at 408. As stated above, Plaintiff claims anonymity is necessary to protect her from "further professional harm, reputational damage, and exclusion from employment opportunities." (Docket No. 9, p. 2.) That is not enough to rise to the level of severe harm. See *Triangle Doughnuts*, at *4 (stating that a "plaintiff's desire to prevent additional damage to his personal and professional reputation from a sexual assault conviction is not enough to require anonymity.") Plaintiff sets forth no facts in support of her alleged harm other than that she is a plaintiff who filed an employment claim against her former employer. There is zero evidence of any severe harm that Plaintiff could potentially suffer.

In addition, even if I assumed that Plaintiff's fear of reputational harm was "severe harm" to meet the first part of the test, I would not find Plaintiff's fear to be "reasonable." Plaintiff filed this case under her given name, and during this litigation, made several court filings with her name in the caption. Then, she allowed over six months to pass after filing this matter under her given name before filing the instant motion seeking to proceed via pseudonym. If her alleged fear was severe and reasonable, one would expect her not to wait six months before requesting to proceed via a pseudonym.

As I have found that Plaintiff cannot show a reasonable fear of severe harm, I do not need to conduct the balancing test discussed above to determine if the Plaintiff's fear outweighs the interest in open litigation. Accordingly, Plaintiff's motion is denied.