THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TANYA BOGO, | : | |
| | : | No. 5:24-cv-4685 |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| ZATOR LAW, LLC, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

## REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f) and this Court's Order Scheduling Hearing, counsel for the parties conferred and submit the following report of their meeting for the court's consideration:

**I.  Basic Information**

    **A.** Names of Counsel for Plaintiff(s) who will participate in the Rule 16 Conference:

    Graham F. Baird, Esq.

    **B.** Names of counsel for Defendant(s) who will participate in the Rule 16 Conference:

    Steven E. Hoffman, Esq.

    **C.** For each party, does counsel have full authority to settle this case at the Rule 16 Conference?
        **i.** If not, list name(s) of any client or proxy with such authority who will either attend the conference or remain on call during the conference:

**Plaintiff:** Counsel does not have authority to settle, Plaintiff, Tanya Bogo has authority.

**Defendant:** Counsel does not have full authority to settle, Joseph Zator of Defendant has authority.

    **D.** Date parties held Rule 26(f) Conference:  August 20, 2025

    **E.** Please check off all that apply:
      _X_  Jury Trial Requested          ___  Non-Jury Trial Requested
      ____  Magistrate referral requested      ___  Arbitration

## II. Discussion of Claims, Defenses, Relevant Issues, and Likely Motions
### A. Jurisdiction and Venue
    i. Basis of Jurisdiction: Federal Question
    ii. Do the parties contest subject matter jurisdiction, personal jurisdiction or venue? No, but Defendant has requested that the Court decline to exercise supplemental jurisdiction upon dismissal of federal claims.

### B. Claims:
Plaintiff brings claims of disability discrimination, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act and the Pennsylvania Human Relations Act (Counts I – IV) as well as claims of violations of the Fair Labor Standards Act (Count V) and violations of the Pennsylvania Wage Payment and Collection Law (Count VI).

Plaintiff was diagnosed around five years prior to her employment with Zator Law, LLC with a panic disorder, a mental health condition that substantially limits one or more major life activities, including her ability to work. This condition qualifies as a disability under the ADA and PHRA. Zator Law, LLC was aware of Plaintiff's disability as early as April of 2023 when Plaintiff utilized her Paid Time Off (PTO) to manage her condition.

On April 17, 2023, Plaintiff required a medical leave of absence as recommended by her physician for outpatient treatment of her panic disorder. Plaintiff informed Defendant that she needed approximately 30 days of leave, beginning on April 17, 2023, which Defendant approved, albeit unpaid.

On April 27, 2023, Plaintiff emailed Maria Zator, a representative of the Defendant, formally requesting a brief leave of absence and providing details of her medical treatment, expecting to return to work on May 15, 2023. Plaintiff expressed concern about the hostility she faced upon her return from previous medical leave and emphasized the sensitivity of her medical circumstances.
Despite Plaintiff's formal request and her doctor's recommendation, Defendant failed to engage in the interactive process required by the ADA and PHRA to determine a reasonable accommodation for Plaintiff.

On May 17, 2023, Plaintiff requested accommodation in writing to the managing partners of the law firm, Maria and Joe Zator, such as working remotely upon her return, as her doctor advised. The purpose for this remote work accommodation was to alleviate stress caused by her panic disorder.

Other employees of Defendant were already permitted to work remotely, including paralegals, such as April Wilk, but Plaintiff's request was denied without reasonable consideration. Plaintiff's job duties as a paralegal included preparing pleadings, motions and submissions in opposition to motions, deposition summaries and also performed legal research. Ms. Bogo routinely performed these from home.

On May 23, 2023, Defendant terminated Plaintiff's employment, citing an inability to negotiate her accommodation request. Defendant suggested that Plaintiff could apply for unemployment compensation, indicating a "good faith resolution" of her employment separation. Defendant's actions were discriminatory and retaliatory, as evidenced by statements made by Defendant's employees, including dismissive remarks about mental health conditions as merely part of the "woke movement."

Additionally, during the course of employment, Plaintiff regularly worked over 40 hours per week. Defendant failed to compensate Plaintiff for hours worked in excess of 40 per week at the rate of time and one-half, in violation of the FLSA. Defendant had a policy of not paying for overtime hours worked and required Plaintiff to perform work-related tasks without compensation. Additionally, Defendant improperly withheld wages from Plaintiff's paychecks for breaks taken, despite such breaks being in accordance with company policy and state law.

C. **Relief Request and Amount in Controversy:** Plaintiff seeks damages in excess of $150,000 including, compensatory damages arising for her lost wages, economic loss and emotional distress. Plaintiff also seeks punitive damages as well as attorneys fees and costs.

D. **Defenses:** Plaintiff does not have a disability within the meaning of the ADA/PHRA; Plaintiff received the exact accommodation she requested of a leave of absence; Plaintiff failed to supply necessary medical information supporting her requested accommodation of full time work from home; Plaintiff's request for full time work from home was not reasonable as it would not enable her to perform the essential functions of her position; Plaintiff's requested accommodation of a full time remote work was withdrawn by Plaintiff; Plaintiff asked to be terminated so she could collect unemployment; Plaintiff was paid for all time worked and was not subject to improper docked wages; Plaintiff has failed to mitigate her damages.

E. **Amended Pleadings**
   i. Do the parties need a deadline to amend pleadings to add claims or potential parties? If so, propose the earliest practicable filing date:

3

>   No date needed.
>
> **F. Anticipated Motions**
>    i. List all threshold motions and dispositive motions that each party has already filed or plans to file. For each motion, specify (1) the applicable Rule that forms the basis for the motion, and (2) summarize the issue.
>
>    **Plaintiff**: Plaintiff does not anticipate filing any threshold or dispositive motion in this case.
>
>    **Defendant**: Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on May 13, 2025 due to Plaintiff's failure to plead facts to support plaintiff's disability discrimination and retaliation claims as well as her failure to plead facts supporting her FLSA claims. This motion remains pending with this Honorable Court.
>    Should Plaintiff's claims be permitted to proceed to discovery, Defendant anticipates filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56 due to Plaintiff not being "disabled" within the meaning of the ADA; Plaintiff receiving the exact accommodation she requested and the subsequent withdrawal of her request to work from home full time when she requested to be terminated so she could collect unemployment; there is no evidence to support that Plaintiff was retaliated against for engaging in protected activity; and there is no evidence that Plaintiff was not paid for all hours she worked with Defendant.
>
>    ii. Proposed timeline for filing dispositive motions: 30 days following the conclusion of fact discovery.

**III. Discovery**
  **A. Informal Disclosure**

>    i. Will initial disclosures listed in Rule 26(a)(1) be completed before the Rule 16 Conference? If not, list what is outstanding and explain why:
>    **Plaintiff**: Yes. Plaintiff will serve initial disclosures prior to the R. 16 Conference.
>
>    **Defendant**: Initial disclosures will be completed prior to Rule 16 Conference.

      ii.  Have the parties formed any other agreements as to timing, form, and scope of disclosures not required in Rule 26(a)(1)?
None.

  **B. Formal Discovery**
      i.  The parties anticipate that discovery should be completed within __**90**__ days of the Rule 16 conference.

      ii.  If the parties anticipate a discovery period exceeding 90 days past the Rule 16 conference date, please explain why: Not applicable.

      iii.  Do the parties need to conduct discovery in phases to prepare for the filing of motions or for settlement discussions? If so, please propose deadlines for phases and what will be due at each phase: Not applicable.

      iv.  Does either side anticipate the use of experts? If yes, what is the proposed deadline for expert discovery?

    Plaintiff: Plaintiff does not anticipate the use of an expert.
    Defendant: Defendant anticipates possibly utilizing an economic and/or vocational expert.

      v.  Do the parties expect that they will need to depose any expert witnesses?
No.

      vi.  Normally, the court expects all expert reports to be submitted simultaneously. If the parties propose to stagger the production of expert reports, please explain why: Not applicable.

      vii.  Please identify any other anticipated discovery issues that should be addressed at the Rule 16 Conference, including:

    __ claims of privilege or protection as trial-preparation material, as required by Rule 26(f)(3)(D);
    __ limitations on discovery or protective orders needed; and
    __ any disputes regarding electronic discovery or agreements regarding electronic discovery that deviate from the court's standard order.

    None anticipated.

**IV.**   **Settlement or Early Resolution**
  **A.** What is the outcome of the parties' discussions about early resolution through alternative dispute resolution (ADR) or mediation?

**Plaintiff**: Plaintiff communicated a settlement demand to Defendant in response to an offer made by Defendant. Plaintiff's demand was rejected and Deendant's offer was withdrawn.

**Defendant**: Defendant is not interested at this time due to unreasonableness of Plaintiff's demand.

B. What is the outcome of the parties' discussions about proceeding before a Magistrate Judge for final disposition?
**Plaintiff**:
**Defendant**:

The parties do not consent.

C. Is a settlement conference likely to be helpful?
**Plaintiff**: Plaintiff believes a settlement conference would be helpful.
**Defendant**: Defendant may be agreeable to attending a settlement conference after Plaintiff's deposition and whether Plaintiff adjusts her demand.

V. **Trial Date**
A. A firm date will be scheduled at or shortly after the pre-trial conference. Please either list below or come to the Rule 16 Conference ready with any dates in the three (3) to nine (9) months following the Rule 16 Conference date that present irreversible scheduling conflicts for counsel or the parties. Irreversible scheduling conflicts include pre-paid vacation and planned medical or family leave.

**Plaintiff**:
12-8-25 Arbitration Attachment—Castillo v. DJS
2-9-26 Trial Attachment—Ascendent Investments v. Zibelman
4-2-26  Pre-paid vacation

**Defendant**:
2-11-26 Trial Attachment Bean v. Travelers (Judge Henry)
3-27-26 Trial Attachment Crist v. LVPG (Judge Gallagher)

VI. **Other Matters:** None.

Respectfully Submitted,

**HOFFMAN & HLAVAC**

By: *s/ Steven E. Hoffman*
    Steven E. Hoffman, Esquire
    Attorney ID# 63911
    Shanna R. Fegely, Esquire
    Attorney ID# 327266
    1605 North Cedar Crest Blvd., Suite 509
    Allentown, PA  18104
    Direct# 484-408-6002, Fax# 484-408-6018
    shoffman@hhe-law.com
    sfegely@hhe-law.com
    *Attorneys for Defendant, Zator Law, LLC*

**LAW OFFICES OF ERIC A. SHORE, P.C.**

By: *s/Graham F. Baird*
    Graham F. Baird, Esquire
    Attorney ID# 92692
    2 Penn Center
    1500 JFK Blvd, Suite 1240
    Philadelphia, PA 19102
    Ph# 215-627-999
    GrahamB@ericshore.com
    *Attorneys for Plaintiff Tanya Bogo*